IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARIKO S DANZY | § | Case No. 14-10115 |
| | § | |
| | § | |
| Debtor(s). | § | |

### *EX PARTE* MOTION OF RBS CITIZENS FOR A PROTECTIVE ORDER TO RESTRICT PUBLIC ACCESS TO POC [1-1] DUE TO CONSUMER INFORMATION AND PURSUANT TO 11 U.S.C. § 107 AND BANKRUPTCY RULE 9037

**RBS Citizens** ("*Citizens*" or "*Movant*") files this Ex Parte *Motion for a Protective Order to Restrict Public Access to Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037*, which seeks an order from the Court restricting public access to the **Proof of Claim No. 1-1** (the "*Unredacted Documents*") filed on behalf of the Movant in the above-captioned bankruptcy case (the "*Bankruptcy Case*") and granting leave to amend the Unredacted Documents in accordance with Federal Rule of Bankruptcy Procedure 9037(a).  In support of this Motion, the Movant would respectfully show the Court as follows:

#### Jurisdiction

1.     This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding.  The relief sought herein may be granted pursuant § 107 of title 11 of the United States Code (the "*Bankruptcy Code*") and Federal Rule of Bankruptcy Procedure 9037.

#### Background

2.     Prior to the initiation of the Bankruptcy Case, Citizens provided a loan product ("*Loan*") to the above-captioned debtor (the "*Debtor*").  Upon the initiation of the Bankruptcy

Case, Citizens, either through its internal employees or through an independent, third-party contractor electronically filed the Unredacted Documents on behalf of Citizens.

3.      The Unredacted Documents, however, disclosed certain personally identifiable information that should have been redacted pursuant to Federal Rule of Bankruptcy Procedure 9037.

### Relief Requested & Analysis

4.      Citizens seeks to rectify this situation by having the Unredacted Documents sealed from public access.

5.      Citizens will amend the Unredacted Documents by filing an amended document redacted in accordance with Fed. R. Bankr. P. 9037(a).  The amended document shall be identical in all respects to the original document it replaces except for the removal or redaction of the personally identifiable information ("***PII***") and shall not otherwise overwrite or affect the integrity of the original document.

6.      Pursuant to Fed. R. Bankr. P. 9037(a), unless the Court directs otherwise, a party making an electronic filing may include PII only in redacted form as follows:  (1) the last four digits of an individual's Social Security number and taxpayer identification number, (2) the year of an individual's birth, (3) a minor's initials, and (4) the last four digits of a financial account number.

7.      In this case, Citizens seeks to remedy the inadvertent failure to redact the PII from the Unredacted Documents in accordance with Fed. R. Bankr. P. 9037(a).  Further, Fed. R. Bankr. P. 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court."  Movant believes that cause exists for the

Court to limit remote electronic access to the Unredacted Documents because such relief is necessary to ensure compliance with Fed. R. Bankr. P. 9037(a).

8.      Additionally, § 107(c) of the Bankruptcy Code permits the Court, "for cause," to protect an individual with respect to any paper or pleading filed in a bankruptcy case "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property."   11 U.S.C. § 107(c). Movant submits that Federal Rule of Bankruptcy Procedure 9037(d) creates a presumption that "cause" exists under § 107(c) for issuing an order protecting an individual from the disclosure of information restricted by Fed. R. Bankr. P. 9037(a).

9.      Movant does not intend for this requested relief to have any substantive effect upon the Debtor, the Debtor's estate, Citizens or its claim(s), other assignees, or any other creditors or parties-in-interest.  The motion and the entry of a protective order to prevent public access will not impact the substantive rights of the Debtor, any creditor, or any other party in interest.

10.      This Motion will be served by U.S. Mail, postage prepaid only on the Debtor, Counsel for the Debtor, the Case Trustee, and the Office of the United States Trustee.   All registered CM/ECF users will receive electronic notice of the Motion, as filed.   Citizens respectfully submits that such notice is sufficient and appropriate given the circumstances cited herein.  In addition, Citizens will provide separate notice to the Debtor and any other individual whose PII was affected in connection with the credit monitoring described in paragraph 13 below.

11.      Citizens submits that no further notice is appropriate given the circumstances of this Motion.  The Clerk's Office has also recommended that we not provide greater notice to

3

avoid highlighting the presence of the consumer information, and for that reason Citizens is not providing notice as contemplated by LBR 9013-1.

12.    Neither § 107(c) of the Bankruptcy Code nor Bankruptcy Rule 9037(d) require notice or hearing prior to the entry of a protective order.  Accordingly, Movant submits that the Court may grant this Motion *ex parte*.

13.    Citizens will offer to each person whose PII was affected (the "Designated Person") credit monitoring at no cost to the Designated Person for a period of twelve (12) months.  This credit monitoring will be offered in writing.  The Designated Person shall have one hundred and twenty days (120) days from the date of the notice to accept this offer.  Such monitoring shall begin as of the date Citizens is informed that the Designated Person accepts this offer.  The credit monitoring service provided shall consist of credit monitoring from at least one of the three major credit bureaus and shall provide (if the Designated Person requests) email alerts to the Designated Person of critical changes in the individual's credit reporting information throughout the twelve month time period.

14.    Citizens further requests that the Court require the Clerk of this Court, after entry of the protective order, to retain the original Unredacted Documents for access by the applicable Designated Person, counsel for the Designated Person, a Private Trustee, Counsel for a Private Trustee, or the United States Trustee to request access to the Unredacted Documents filed in this Court, provided that:

        a.    in the case of a Designated Person or Counsel for a Designated Person, access to the Unredacted Documents shall be limited to those filings related to the Designated Person; and

b.  in the case of a Private Trustee and Counsel for a Private Trustee, access to the
Unredacted Documents shall be limited to those filings in bankruptcy cases for
which the Private Trustee served in such capacity.

15.    Finally, Citizens apologizes for the administrative burdens caused by the error,
and wishes to express its gratitude to the Court, its staff, and Debtor and trustees in this
Bankruptcy Case for their patience and cooperation in this matter.

WHEREFORE, Movant respectfully requests that the Court enter an order directing the
Clerk of the Court to restrict all public access to the Unredacted Documents, allowing
amendment of the Unredacted Documents in accordance with Rule 9037(a), and granting such
other relief as may be proper.

Respectfully submitted March 26, 2017.

/s/ Thomas R. Waskom
Thomas R. Waskom, Esq. (Pa. Bar No. 321664)
Hunton & Williams
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8403 (direct)
(804) 343-4868
twaskom@hunton.com

*Attorneys for RBS Citizens*

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 27, 2017, a copy of this document will be served by (i) the Electronic Case Filing System for the Bankruptcy Court, Eastern District of Pennsylvania, on those parties that receive electronic service; and (ii) first class United States mail, postage prepaid, on the parties listed below:

Mariko S. Danzy
8018 Lindbergh Boulevard
Philadelphia, PA 19153
*Debtor(s)*

ZACHARY PERLICK
1420 Walnut Street
Suite 718
Philadelphia, PA 19102
*Counsel to the Debtor(s)*

WILLIAM C. MILLER
Chapter 13 Trustee
1234 Market Street
Suite 1813
Philadelphia, PA 19107
*Trustee*

Office of The United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

/s/  *Thomas R. Waskom*
Thomas R. Waskom